### DURHAM *v.* THE STATE.

HINES, J. 1. It is now well settled that an act which does not purport to amend or repeal any particular law or section of the Code is not within par. 17 of sec. 7 of art. 3 of the constitution of this State, which declares that "No law, or section of the Code, shall be amended or repealed by mere reference to its title, or to the number of the section of the Code, but the amending or repealing act shall distinctly describe the law to be amended or repealed, as well as the alteration to be made." Civil Code (1910), § 6445. Repeals by implication do not fall within the inhibition of this provision of the constitution. *Peed* v. *McCrary*, 94 *Ga.* 487 (2) (21 S. E. 232); *Johnson* v. *Southern Mutual &c. Association*, 97 *Ga.* 622 (25 S. E. 358); *Swift* v. *Van Dyke*, 98 *Ga.* 725, 727 (26 S. E. 59); *Collins* v. *Russell*, 107 *Ga.* 423, 426 (33 S. E. 444); *Nolan* v. *Central Georgia Power Co.*, 134 *Ga.* 201 (67 S. E. 656); *Walthour* v. *Atlanta*, 157 *Ga.* 24 (120 S. E. 613). The act of August 15, 1921 (Acts 1921, p. 255), entitled "An act to regulate the use of motor-vehicles and motor-cycles upon the public streets and highways of this State; and to prescribe penalties for violations of the provisions of this act," does not come within the terms of the above provision of the constitution; and section 6 thereof is not unconstitutional and void because it amends, without proper reference thereto, the act of 1910, which regulates the use of motor-vehicles, and makes penal the operation of such vehicles on a public highway while the operator is drunk.

2. The court charged the jury as follows: "In this case the defendant is charged by accusation with driving an automobile along the highway while under the influence of intoxicating liquor. In a case of this kind it is not necessary for you to find that the defendant was drunk at the time; but if you find that he drove an automobile along the Summer-

36

ville and Rome public road while under the influence of intoxicating liquors or drugs in any manner whatever, you would be authorized to find him guilty." The accusation charged the defendant with driving an automobile over and along said public road "while drunk and under the influence of intoxicating liquor." The defendant excepts to the above instruction, upon the ground that it is inapplicable to and in direct conflict with the accusation. *Held:*

(*a*) Section 6 of the above act provides that "No person shall operate a motor-vehicle or motorcycle upon any public street or highway . . while under the influence of intoxicating liquors or drugs;" and section 12 makes a violation of said provision a misdemeanor.

(*b*) The above instruction is not as a whole inapplicable to, and is not as a whole in direct conflict with, the accusation. All of it is applicable and conforms to the accusation, except the language, "or drugs in any manner whatever." This language was inapplicable and improperly given in charge; but under the facts of this case this was a harmless error, as there was not the slightest reference in the evidence to drugs, and the jury could not have been misled by the use of this language. *Kelly* v. *State,* 118 *Ga.* 329 (45 S. E. 413); *Helms* v. *State,* 136 *Ga.* 799 (3) (72 S. E. 246).

3. The defendant insists that the evidence is insufficient to convict, for the reasons that it consists of the opinions of the arresting officers, without the facts upon which they are based, and does not show whether he was under the influence of liquor or drugs. The arresting officers took the defendant out of the automobile while he was driving, put him in another car, and brought him to jail. The sheriff and one of his deputies testified that the defendant was under the influence of liquor. The other deputy testified that the defendant was drunk. *Held:*

(*a*) A witness who had, and was able to improve, suitable opportunities for observation, may state whether a person was intoxicated and the extent of his intoxication. 22 C. J. 599 (§ 694), i. Witnesses may state that the prisoner "appeared to be drinking." *Choice* v. *State,* 31 *Ga.* 424 (3). Drunkenness is "easy of detection and difficult of explanation." Holland *v.* Zollner, 102 Cal. 633 (36 Pac. 930, 37 Pac. 231). "The acts, conduct, and demeanor of a person under the influence of intoxicants can not be accurately reproduced; and for this reason the question of intoxication is better determined from the direct answers of those who saw him, than from any description of his conduct." State *v.* Cather, 121 Iowa, 106 (96 N. W. 722). A witness may testify that a person was sober. Duke *v.* State, 61 Tex. Cr. App. 441, 134 S. W. 705. It would be entirely proper for the witness to state the facts upon which he based his opinion that the accused was under the influence of liquor. *Pierce* v. *State,* 53 *Ga.* 365.

(*b*) Clearly a new trial should not be granted in the absence of objection to the admission of such evidence on the ground that it consisted of opinions and conclusions.

(*c*) In its ordinary, everyday sense the word "drunk" means to be drunk from the effect of strong drink, especially alcoholic liquor, and does not mean intoxication from the use of drugs.

4. Under the principles just announced, the evidence is sufficient to support the verdict.

*Judgment affirmed. All the Justices concur, except*

RUSSELL, C. J., and ATKINSON, J., dissenting. Under the allegations contained in the accusation and the evidence adduced on the trial, the error in the charge referred to in the second headnote was cause for reversal.

No. 6614. JULY 10, 1928.

Driving automobile unlawfully. Before Judge Neal. City court of Summerville. April 30, 1928.

*Wesley Shropshire,* for plaintiff in error.

*J. F. Kelly, solicitor-general,* contra.