37129. HARRIS *v.* THE STATE.

Decided April 16, 1958.

*James E. Weldon,* for plaintiff in error.

*E. W. Fleming, Solicitor,* contra.

TOWNSEND, Judge. ■ Under Code (Ann.) § 68-1625 it is unlawful for any person under the influence of intoxicating liquor "to operate or drive any vehicle." Under Code (Ann.) § 68-1503 (c) a driver is "every person who drives or is in actual physical control of a vehicle." The question raised by the general grounds and special ground 1 is whether the State proved the defendant was operating his automobile by proof that when the witness, a police officer, arrived, the defendant was sitting in and steering the car which was being pushed out of a service station by a jeep, that the cars went for about a block; the jeep turned around and went back to the service station; the defendant continued to steer his automobile, which was moving down the street at about five miles per hour with the motor not running and when told to do so by the police officers he pulled over to the right side of the road and stopped.

This court has not previously considered the question of whether one who, while under the influence of intoxicants, steers a vehicle which is unable to move under its own power while being pushed or towed, violates Code (Ann.) § 68-1625. That other States with similar statutes have often so held, see Hester *v. State,* 196 Tenn. 680 (270 S. W. 2d 321, 47 A.L.R. 2d 568), and the annotation in the latter volume beginning at page 570. Under our statute defining a driver as a person in actual physical control of a vehicle, what constitutes control might become an issue of fact. In this case a finding is authorized that, while the defendant was not in such control during the time the vehicle was pushed out into the street, he did have such control while he was guiding it down the road, operating under the force of gravity, after the jeep ceased to push the vehicle and before the officers ordered it pulled over to the side. Acts done by one under police command are also excluded from our consideration here for the reason that a person obeying such commands may not be engaged in a voluntary act. Since, however, there was some period of time during which the driver was in actual physical control of the moving vehicle after the jeep had ceased to push it and before the police officers ordered it to the side of the road, there is sufficient evidence to support the verdict.

■ There was no error in failing to charge without request the definition of a motor vehicle as set forth in Code (Ann.) § 68-1502 (b). It is not ordinarily error to fail to charge in the absence of request a word of ordinary significance. *Family Fund Life Ins. Co.* v. *Rogers,* 90 *Ga. App.* 278 (3) (82 S. E. 2d 870); *Holmes* v. *Clisby,* 121 *Ga.* 241 (7) (48 S. E. 934, 104 Am. St. R. 103).

■ After one of the witnesses for the State had testified that the defendant had the odor of alcohol upon him, that he couldn't talk well and was "very staggery", that he had been a police officer for eight years and had occasion to deal with people in various stages of intoxication, he was asked whether in his opinion the defendant was under the influence of intoxicants to such an extent that it would render him a less safe driver than otherwise, to which the objection was made that it would be for the jury to say whether this man is guilty of this charge. "A witness who had, and was able to improve, suitable opportunities for observation, may state whether a person was intoxicated, and the extent of his intoxication." *Durham* v. *State,* 166 *Ga.* 561 (3a) (144 S. E. 109); *Cavender* v. *State,* 46 *Ga. App.* 782 (2) (169 S. E. 253). While it is true that a witness may not express an opinion as to the ultimate fact to be found by the jury, as this would be an invasion of the province of the latter, an opinion that the defendant was intoxicated to the extent that it would be less safe for him to drive an automobile is not an expression of opinion as to the ultimate guilt of the accused since to find such guilt the jury must also consider whether or not he was operating a motor vehicle at the time. This ground is also without merit.

The trial court did not err in denying the motion for new trial. *Judgment affirmed. Gardner, P.J., and Carlisle, J., concur.*