### 37511. BAGLEY *v.* THE STATE.

TOWNSEND, Judge. 1. On the trial of the defendant for driving while under the influence of intoxicants, evidence that at about 9 p.m. or a little later on the evening in question the defendant drove up to the witness' store and, while purchasing cigarettes, poured some liquor from a whisky bottle "fifth" into a Coca-Cola bottle, consumed about three drinks, appeared intoxicated, had a fit of crying and then vomited over the side of the car, and smelled of liquor; that he then drove

off at high speed after remaining there twenty to thirty minutes; and that between 10 and 10:30 p.m. on the same night his automobile was found wrecked and the defendant lying in the road near it; that he appeared very drunk at that time, there was a strong odor of whisky on his breath, his eyes were glassy, his speech was impaired and he staggered while walking; that he was not badly injured but had a sprained ankle, was, when taken in its entirety, amply sufficient to support a verdict finding the defendant guilty of driving while intoxicated. The defendant raised no issue as to who was driving the automobile at the time when it was wrecked on the highway but merely stated to the jury, "I would like to deny all the charges against me because I don't believe that I was drinking. In fact, I know I wasn't drinking." And, regardless of whether the circumstantial evidence would have been sufficient to exclude every reasonable hypothesis save that the defendant was driving the vehicle at the time it was wrecked, the testimony of the first witness was sufficient to show that he was driving it and that he was in a state of intoxication at the time he left the witness' store.

The case thus differs from *Waters* v. *State*, 90 *Ga. App.* 329 (83 S. E. 2d 25), cited by the plaintiff in error, where not only was the defendant not seen to have been drinking or driving in a drunken condition before the collision, but he had an opportunity thereafter to become drunk, and there was no testimony as to the time when the drinking occurred. The general grounds of the motion for new trial are without merit. Code (Ann.) § 68-1625; *Mons* v. *State*, 84 *Ga. App.* 340 (66 S. E. 2d 159); *McGregor* v. *State*, 89 *Ga. App.* 522 (80 S. E. 2d 67); *Wallace* v. *State*, 44 *Ga. App.* 571 (162 S. E. 162).

2. A witness who has testified to facts tending to show the degree of intoxication of the defendant may state that in his opinion, formed by observing the defendant, it was less safe for the latter to drive an automobile than if he had not been drinking. *Murdock* v. *State*, 96 *Ga. App.* 838 (101 S. E. 2d 746). "A witness who had, and was able to improve, suitable opportunities for observation, may state whether a person was intoxicated and the extent of his intoxication." *Durham* v. *State*, 166 *Ga.* 561 (3a) (144 S. E. 109); *Cavender* v. *State*, 46 *Ga. App.* 782(2) (169 S. E. 253).

The trial court did not err in denying the motion for new trial.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED JANUARY 15, 1959.

*E. B. Shaw,* for plaintiff in error.

*Andrew J. Whalen, Jr., Solicitor-General,* contra.