### 40923. WELLS v. THE STATE.

RUSSELL, Judge. 1. On a review of the denial of a motion for a new trial on the general grounds, the appellate courts decide only whether the verdict is supported by any evidence.

2. "In contemplation of law an operator of a motor vehicle on the public highway is under the influence of intoxicating liquor when he is so affected by it as to make it less safe for him to operate a motor vehicle than it would be if he were not affected by such intoxicating liquor." *Bishop v. State*, 92 Ga. App. 494 (2) (88 SE2d 746).

3. Testimony by a witness who has had an opportunity to observe the fact that another is under the influence of intoxicants is not a mere conclusion. *King v. State*, 86 Ga. App.

786 (72 SE2d 502); *Fowler v. State,* 82 Ga. App. 197 (60 SE2d 473); *Harris v. State,* 97 Ga. App. 495 (103 SE2d 443); *Rice v. State,* 98 Ga. App. 803 (107 SE2d 270).

4. Two police officers, witnesses for the State, testified that the defendant "scratched off" at a traffic intersection and drove a distance of over a mile and across a county line at speeds in excess of 120 miles per hour. One of these officers also testified that the defendant was "heavily influenced . . . appeared to be under the intoxication of whisky . . . appeared to me to be under intoxication too much to be driving. He was less safe to be driving. . . I told him that he's have to come back with me and he told me that he wasn't coming. And he began to curse more and he told me that I'd have to whip his butt if I brought him back." The second officer testified that "he just took off out of town wide open. . . . Mr. Wells was drinking or you could tell he was drinking and you could smell the liquor in the car and they [the defendant and a passenger in the front seat] also had a pint bottle, it was about half full of whiskey laying in the front seat between them . . . he was under the influence, you could tell by his eyes was bloodshot and red and his face was red and you could tell by the way he, well, you've seen people talk thick tongue when they was drinking, by his speech . . . he was in an unsafe condition to drive." A third witness, a sheriff who saw the defendant 60 to 90 minutes later testified that "he was full, drinking at that time . . . he certainly was under the influence of intoxicating liquor. . . I smelled of his breath right there on the couch. I also talked with him and his ways, his actions, the way he looked, and the way he was going on and he was just full of liquor . . . if he'd a been driving as full as he was at that time he would have been less safe to be out on any highway." The evidence, although disputed, was sufficient to authorize conviction for the offenses of speeding and driving while under the influence of intoxicants.

The trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. Nichols, P. J., and Hall, J., concur.*

DECIDED OCTOBER 20, 1964.

*Beverly B. Hayes,* for plaintiff in error.
*J. Carlton Warnock, Solicitor,* contra.