## 53253. HUNTER v. THE STATE.

SHULMAN, Judge.

The defendant appeals from his conviction for driving under the influence. *Held:*

1. The evidence was sufficient to support the jury's verdict of guilty.

2. The trial court did not err in admitting into evidence a police officer's testimony that he was certified by the state crime laboratory to conduct breath analysis tests and what the results of those tests on this defendant were. Nor did the court err in admitting into evidence copies of the same officer's certificate to conduct such tests, the machine operating record, and the written report of the test conducted. Code Ann. § 68A-902.1 (a).

3. Defendant moved under Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215), and Code Ann. § 68A-902.1 (a)(4) for disclosure, in the words of the statute, of "full information concerning the test or tests" made. The information sought was the make and model of the machine used, and all data pertinent to its operation, theory and accuracy. The state made available to counsel for the defendant the solicitor's case file and the defendant's driving record. In addition the court gave the defendant the full subpoena power of the court to obtain anything that might be helpful to the defendant from the state crime lab "or anything else that is available." This more than comported with the requirements of Code Ann.

§ 68A-902.1 (a)(4). The defendant only made limited use of the subpoena power and any failure on his part to avail himself of the full powers given him cannot be complained of on appeal.

4. Each of the five enumerated errors is without merit.

*Judgment affirmed. Quillian, P. J., and Stolz, J., concur.*

SUBMITTED JANUARY 11, 1977 — DECIDED FEBRUARY 11, 1977.

*Bishop & Sexton, Fred A. Bishop, Jr., Robert C. Sacks,* for appellant.

*Gary L. Davis, Solicitor,* for appellee.