### 32338. NEWMAN v. THE STATE.

INGRAM, Justice.

This appeal is from appellant's conviction at a second trial for armed robbery in Clayton Superior Court. At the first trial, the jury was unable to reach a verdict on the armed robbery charge. We affirm.

The evidence introduced by the state showed that the appellant was the driver of a getaway car in an armed robbery of the Radio Shack located in Riverdale Shopping Plaza in Riverdale, Georgia. Appellant testified in his own behalf and denied any foreknowledge that his alleged accomplice was going to commit the robbery. His protestations of innocence were belied by evidence of his attempts to make a quick getaway from the scene of the crime and to elude the police when they spotted the getaway car shortly after the robbery.

The appellant enumerates as error the failure of the trial court to record the opening statement of the prosecuting attorney.

Code Ann. § 27-2401 plainly states that the arguments of counsel need not be recorded. See *Newell v. State,* 237 Ga. 488 (228 SE2d 873) (1976). Appellant made no request at trial that the opening statements of counsel be recorded. Although appellant states that the prosecutor's opening statement was harmful and prejudicial to him, he makes no specific showing of how he was harmed or prejudiced. No error appears. See *Watts v. State,* 141 Ga. App. 127, 128 (232 SE2d 590) (1977); *Montgomery v. State,* 140 Ga. App. 286, 288 (231 SE2d 108) (1976).

Appellant complains of the admission of the testimony of two police officers that he, appellant, had been given his Miranda warnings. Appellant objected to this testimony at trial on grounds that a proper

foundation had not been laid to show that appellant had been advised of his constitutional rights and the Miranda warnings were not full.

Objection on the ground of a lack of proper foundation without stating what the proper foundation should be is insufficient and presents nothing for consideration on appeal. *Barkley v. State,* 190 Ga. 641 (3) (10 SE2d 32) (1940); *Freeman v. Young,* 147 Ga. 699 (95 SE 236) (1918); *Dillard v. State,* 128 Ga. App. 747 (197 SE2d 924) (1973).

Furthermore, a review of the transcript shows that appellant was given his full four-point Miranda warnings. Consequently, this enumeration of error is without merit.

Testimony was received at trial that when appellant and his accomplice were apprehended by the police shortly after the robbery, appellant got out of his car and began walking toward the police car even though he had been told to stop. When appellant had positioned himself in front of the police officer, he dropped to the ground and his accomplice jumped out of the car and began firing at the police officer. Appellant objected to the admission of this evidence at trial on the ground that he had been acquitted of an aggravated assault charge stemming from this shooting at his first trial.

In *Bixby v. State,* 234 Ga. 812, 813 (218 SE2d 609) (1975), it was said: " 'The flight of the accused, where and when arrested, whether he resisted or not, how he was armed, and all the circumstances attending his arrest, are admissible to be considered by the jury for what they are worth.' *Wayne v. State,* 56 Ga. 113 (5)." *State v. Luke,* 232 Ga. 815 (209 SE2d 165) (1974), held that where evidence is relevant for the purpose of showing the circumstances of the arrest, it will not be excluded because it incidentally shows the commission of another crime. It follows that admission of evidence as to the conduct of appellant and his accomplice at the time they were arrested was not error.

Appellant contends that it was error to admit, over timely objection, the testimony of one of the investigating police officers that the appellant had approached him and another officer at the Clayton County Courthouse a few

days before trial and told them that appellant's alleged accomplice had asked him on two prior occasions to drive the car for him while he committed armed robberies in Clayton County.

Appellant's counsel objected to this testimony on grounds of irrelevancy and then moved for a mistrial on the grounds that the testimony was irrelevant, inflammatory, and placed appellant's character in issue.

Appellant took the stand and testified in his own behalf that he had no foreknowledge of the armed robbery and did not become aware of it until after his alleged accomplice had committed it. The state argues that this evidence was relevant to the issue of whether appellant knew in advance of the armed robbery and voluntarily took part in it. The state argues that the jury was authorized to find that this was an incriminatory admission.

This evidence did not show the general character of appellant or his conduct in other transactions and therefore did not place his character in issue. What the evidence did show was his knowledge of his alleged accomplice's proclivities to commit armed robbery. In the face of his denying any foreknowledge that he was going to commit this armed robbery, such evidence was admissible. The jury could have concluded that under the facts of this case the admission was incriminating.

The out-of-court statements of witnesses which were received into evidence at trial, and are complained of on appeal, were all properly admitted either as part of the res gestae (Code Ann. § 38-305), or to explain conduct. Code Ann. § 38-302.

We have reviewed the remaining enumerations of error and they are all without merit.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 27, 1977 — DECIDED JUNE 30, 1977.

*Guy R. Dunn,* for appellant.

*William H. Ison, District Attorney, Michael D. Anderson, Assistant District Attorney, Arthur K. Bolton, Attorney General, Harrison Kohler, Assistant Attorney*

*General,* for appellee.