55966. GARRETT v. THE STATE.

SMITH, Judge.

Garrett appeals a jury conviction of driving a vehicle while under the influence of intoxicating liquors, in violation of Code § 68A-902. We affirm.

Over Garrett's objection, two arresting officers testified that Garrett was staggering; his speech was excessively loud and slurred; he was slobbering at the mouth; and he had the strong odor of alcohol on his breath. They also stated under oath that his driving was reckless and less safe as a result of his drinking. Garrett was given an intoximeter test which showed a reading of .25. A

reading of .10 raises the legal presumption that the person tested is under the influence of some intoxicant.

1. Garrett's four enumerations of error dealing with the court's rulings on admission of the officers' testimony as to his condition at the time of his arrest and his ability safely to drive an automobile are without merit. See *Donley v. State,* 72 Ga. App. 429 (33 SE2d 925) (1945), holding that a witness, in a driving under the influence case, states a fact rather than an opinion when he testifies that a defendant was under the influence of intoxicating liquors; and *Wells v. State,* 110 Ga. App. 507(3) (139 SE2d 151) (1964), holding that testimony by a witness who has had an opportunity to observe the fact that another is under the influence of intoxicants is not a mere conclusion. As stated in *Harris v. State,* 97 Ga. App. 495 (3) (103 SE2d 443) (1958), "A witness who has had suitable opportunity for observation may state whether or not another person is intoxicated, and the extent of his intoxication." *Harris* also extended this principle to include an opinion of the witness as to whether or not the defendant was under the influence of intoxicants to such an extent that his intoxication would render him a less safe driver than otherwise.

2. There were nine enumerations of error dealing with the administration of the intoximeter (breath) test and the admission of the results into evidence. *Hunter v. State,* 141 Ga. App. 276 (233 SE2d 252) (1977), sustains the trial court in overruling each objection set out therein.

However, the evidence was sufficient to support the jury verdict of "guilty" even without the intoximeter evidence. In the light of *Duncan v. State,* 101 Ga. App. 504 (114 SE2d 376) (1960), even if the intoximeter results were inadmissible, appellant has no grounds for complaint unless he could show some harm caused by their admission. In view of the nature of the arresting officers' testimony, the intoximeter test was mere "window dressing" which by no stretch of the imagination could have injured the appellant. Likewise, in *Morris v. State,* 139 Ga. App. 630 (229 SE2d 110) (1976), this court held that, where the results of an intoximeter test had been suppressed on motion, a gratuitous remark by a state witness revealing the results of the test was not an error

serious enough to demand a new trial because there was other substantial evidence of the defendant's intoxication.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

ARGUED JUNE 5, 1978 — DECIDED JUNE 19, 1978 — REHEARING DENIED JULY 10, 1978.

*James I. Parker,* for appellant.
*Joseph N. Anderson, Solicitor,* for appellee.