60931. LAWRENCE v. THE STATE.

DEEN, Presiding Judge.

1. Circumstantial evidence may be sufficient to authorize a finding that a defendant accused of driving a motor vehicle under the influence of intoxicants was guilty of the offense although no witness testified positively to having seen him operating the vehicle. Where a police officer comes upon the defendant standing beside his wrecked automobile which has skidded off the road and into a ditch, who admits he was the driver of the vehicle, is unsteady on his feet, talks incoherently, is unable to explain the details of the single-vehicle accident, and reeks of alcohol, such testimony is sufficient to support the conclusion that the defendant was driving while intoxicated. *Stephens v. State,* 127 Ga. App. 416 (193 SE2d 870); *Tutt v. State,* 128 Ga. App. 636 (197 SE2d 432) (1973); *Glisson v. State,* 134 Ga. App. 380 (214 SE2d 386) (1975).

2. A witness who satisfactorily shows that he had opportunity to observe, and did observe, the condition of another, may testify whether that person was under the influence of intoxicants and the extent thereof, stating the facts upon which the opinion is based. *Fountain v. Smith,* 103 Ga. App. 192 (1) (118 SE2d 852) (1961); *Bagley v. Smith,* 98 Ga. App. 825, 826 (2) (107 SE2d 232) (1959); *Harris v. State,* 97 Ga. App. 495 (3) (103 SE2d 443) (1958); *Joiner v. State,* 51 Ga. App. 463 (1) (180 SE 911) (1935). Since drunkenness is easy of detection and difficult of explanation "the question of intoxication is better determined from the direct answers of those who saw him than from any description of his conduct," the witness being able to reinforce his statement by the facts on which this opinion is based. *Durham v. State,* 166 Ga. 561 (3-a) (144 SE 109) (1928). The question at issue being whether the vehicle in which the defendant and the witness were riding plowed into a ditch because the defendant lost control of the car, and it then broke an axle, or whether the axle

snapped, causing the car to career out of control and into the ditch, the various questions asked of the witness on cross examination, including whether in his opinion Mr. Lawrence's driving had anything to do with the accident and whether Mr. Lawrence was under the influence of alcohol at the time were improperly ruled out on objection. This is particularly true in that another witness was permitted to testify on direct examination by the state and under substantially similar circumstances that in his opinion the defendant was drunk shortly after the wreck.

*Judgment reversed. Birdsong and Sognier, JJ., concur.*

DECIDED JANUARY 29, 1981.

*Thomas C. Sanders,* for appellant.
*W. A. Foster III, District Attorney, Jeff Richards, Assistant District Attorney,* for appellee.