60912. FLETCHER v. THE STATE.

CARLEY, Judge.

Appellant appeals his convictions of driving under the influence and improper lane change.

1. Appellant enumerates error in the admission, over objection, of testimony concerning the results of his breath test which showed .17 per cent alcohol in his blood. The arresting officer testified that, pursuant to Code Ann. § 68A-902.1, he advised appellant of his right to undergo additional chemical tests of the amount of alcohol in his blood. The officer administering the test testified as to his training to conduct such breath tests and his certificate, issued by the State Crime Laboratory, was properly introduced into evidence over appellant's objections. Hunter v. State, 141 Ga. App. 276 (2) (233 SE2d 252) (1977). The officer's certificate, which was signed by the Director of the State Crime Laboratory, stated on its face that it was issued for "analyses utilizing Photo-Electric Intoximeter, Model 300 or 400." Smitherman v. State, 153 Ga. App. 322 (265 SE2d 119) (1980). Compare Willoughby v. State, 153 Ga. App. 434 (265 SE2d 352) (1980). The administering officer testified that the test was conducted by using a "Series 400 of the Photo-Electric Intoximeter" and the check list "that is used in operating the machine that we must go by to obtain the breath test" was introduced into evidence. We find no error in the admission of testimony concerning appellant's breath test for any reason urged on appeal.

2. Appellant was tried under an accusation charging that on November 23, 1978, he "did operate a motor vehicle on Roswell Road, while under the influence of alcohol, to a degree which rendered him incapable of safely driving . . ." We find no merit in appellant's argument that this accusation should have been quashed because it did not charge him with operating a "moving" vehicle while under the influence. "[T]he true test of the sufficiency of the indictment is not 'whether it could have been made more definite and certain, but

whether it contains the elements of the offense intended to be charged, "and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction." ' [Cit.]" *State v. Black,* 149 Ga. App. 389, 390 (254 SE2d 506) (1979). The accusation in the instant case clearly meets this test.

3. Pursuant to Code Ann. § 38-801 (g), appellant filed a notice to produce the intoximeter used to test his breath, the operating manual for the machine, the machine's maintenance records, and records of the proficiency training for the officer conducting the test. Appellant assigns error to the refusal of the trial court to order compliance with the notice to produce. Code Ann. § 38-801 contemplates that the material sought to be produced be "in the possession, custody or control of another party . . ." The materials sought by appellant were not the types of items reasonably expected to be found in the "custody" of the solicitor preparing the case against appellant and indeed they were not. "This evidence could have been obtained only if the prosecution actively sought it. For the trial court to require production by the state of this evidence [not in the prosecution's file] would require the state to investigate the case for the defense." *Hicks v. State,* 232 Ga. 393, 394-395 (207 SE2d 30) (1974). Appellant may not serve a notice on the solicitor to produce items otherwise available and then take the position that the solicitor as "the titular head of the investigation" should produce them. See *Booker v. State,* 242 Ga. 773, 776 (1) (251 SE2d 518) (1979). We find no error in denying the motion to produce or in denying the motion for continuance based upon the absence of the materials in the courtroom at the time of trial.

4. Certain comments made by the trial judge in a colloquy with counsel and with reference to rulings on objections were not impermissible comments within the meaning of Code Ann. § 81-1104. " 'The inhibition against an expression or intimation of opinion by the trial judge as to the facts of the case does not extend to colloquies between the judge and counsel as to the admissibility of certain evidence, especially where the judge is ruling upon a point made by counsel for the accused . . .' [Cit.]" *Herndon v. State,* 45 Ga. App. 360, 361 (4) (164 SE 478) (1932). After both sides had rested and prior to closing arguments, the trial judge gave the jury instructions concerning the arguments they were about to hear. In the course of these instructions, the trial court stated: "The situation we find ourselves in, the [appellant] has not offered any testimony; and, therefore, he has the right to what we call open and close, to make the first argument and the last argument. We say open and close."

Appellant urges that this instruction was a "comment" on his failure to testify and was violative of the prohibition on such comments contained in Code Ann. § 38-415. We do not agree. "This instruction given prior to the [closing] statements by either side merely informed the jury of the general procedure to be followed and did not amount to a comment on the defendant's failure to testify." *Joiner v. State,* 236 Ga. 580, 581 (3) (224 SE2d 414) (1976). Furthermore, the record demonstrates that at the time the "comment" was made, appellant raised no objection. *Culpepper v. State,* 132 Ga. App. 733, 734 (5) (209 SE2d 18) (1974).

5. It was not error, over appellant's objection, to permit the arresting officer to answer the following question: "Do you have an opinion with regard to whether or not the [appellant] was a less safe or not safe driver on that day?" *Harris v. State,* 97 Ga. App. 495, 497 (3) (103 SE2d 443) (1958); *Garrett v. State,* 146 Ga. App. 610, 611 (1) (247 SE2d 136) (1978).

6. Appellant enumerates error in the failure of the trial court to give the following instruction: "[S]ince the burden of proof is on the State, the defendant is not required to testify or present any evidence as to his innocence, and if he does not testify or present any evidence, you are not to draw any inferences from his failure to do so." It is unclear from the transcript but, apparently, this request was not made until after the jury had already been instructed and had retired to deliberate. If so, it was clearly untimely and not erroneously refused. *Bouttry v. State,* 242 Ga. 60 (247 SE2d 859) (1978). However, even assuming that the request was timely made, the substance of the request was adequately covered in the charge as given and, consequently, we find there was no error.

7. Other enumerations relate to deficiencies in the jury instructions which were not raised or reserved by appellant after the trial judge made specific inquiry concerning objections to the charge and are, therefore, deemed waived under *White v. State,* 243 Ga. 250 (253 SE2d 694) (1979).

8. Other enumerations, not otherwise addressed, have been considered and are found to be meritless.

9. It was not error to deny appellant's motion for new trial for any reason urged on appeal.

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

Decided February 11, 1981 —
Rehearing denied March 2, 1981.

*Judson R. Knighton,* for appellant.
*Hinson McAuliffe, Solicitor, Deborah S. Greene, Assistant*

*Solicitor,* for appellee.