## 68468. NEW v. THE STATE.

Banke, Presiding Judge.

The defendant appeals his conviction of driving a motor vehicle while under the influence of alcohol or drugs. *Held*:

1. We reject the defendant's contention that the court erred in allowing into evidence, without a showing as to voluntariness, his admission to a police officer that he had "smoked a joint." The facts in this case are quite similar to those considered by this court in *Chester v. State*, 157 Ga. App. 191 (276 SE2d 684) (1981). Here, as there, the question which provoked the admission was clearly a permissible threshold inquiry made at a time when the defendant was not in police custody. See also *Glass v. State*, 166 Ga. App. 225 (303 SE2d 764) (1983); *Smith v. State*, 160 Ga. App. 690 (287 SE2d 44) (1981); *Aldridge v. State*, 247 Ga. 142 (274 SE2d 525) (1981).

2. From a review of the transcript, we conclude that a rational trier of fact could reasonably have found the defendant guilty beyond a reasonable doubt. See generally *Baldwin v. State*, 153 Ga. App. 35 (264 SE2d 528) (1980). Accordingly, the defendant's contention that the evidence was insufficient to support the verdict is without merit.

3. The court's charge in reference to "a less safe driver," while not in the exact words of the defendant's request to charge, was adequate in every respect. See generally *Cargile v. State*, 244 Ga. 871 (262 SE2d 87) (1979).

4. We find no error in the court's charge concerning the presumptions arising from the percentage of alcohol in a person's blood. See generally OCGA § 40-6-392.

5. The defendant enumerates as error the court's charge to the jury that "a witness, in a driving under the influence case, states a fact rather than an opinion when he testifies that a defendant was under the influence of intoxicating liquors." The quoted language appears in the case of *Garrett v. State*, 146 Ga. App. 610, 611 (247 SE2d 136) (1978), wherein *Donley v. State*, 72 Ga. App. 429 (33 SE2d 925) (1945), and *Harris v. State*, 97 Ga. App. 495 (3) (103 SE2d 443) (1958), are cited as authority for the principle involved. All three of these cases concerned the admissibility of testimony as to whether the defendant was intoxicated, and the language in question was clearly intended to signify merely that such testimony is admissible although it goes to the ultimate issue in the case. It has never been approved as a jury charge. A more appropriate statement of the legal principle involved, one which is suitable for use as a jury charge, is that "[a] witness who satisfactorily shows that he had opportunity to observe, and did observe, the condition of another, may testify whether that person was under the influence of intoxicants and the extent thereof, stating the facts upon which the opinion is based. [Cits.]" *Lawrence v. State*,

157 Ga. App. 264 (277 SE2d 60) (1981). See generally § 9-3, Agnor's *Ga. Evidence*, 1976. Such testimony, while admissible, clearly constitutes an opinion of the witness; and the statement to the contrary in *Garrett* and its predecessors is disapproved. Because the charge as given could easily have misled the jury to the defendant's prejudice, reversal of the conviction is required. See generally *Stanley v. State*, 153 Ga. App. 42 (6) (264 SE2d 533) (1980).

6. Responding to several other allegations of error directed to its charge to the jury, the court, in its order denying the defendant's motion for new trial, stated that, in each case, the error complained of resulted from a typographical error in the transcription of the reporter's notes and that a proper charge was in fact given. We find no error. See generally OCGA § 5-6-41 (f).

*Judgment reversed. Pope and Benham, JJ., concur.*

DECIDED JUNE 27, 1984.

*Judson R. Knighton*, for appellant.

*Herbert A. Rivers, Solicitor, William Cooper, Assistant Solicitor*, for appellee.

