## 68757. SHERRER et al. v. LYNN.
(324 SE2d 500)

SOGNIER, Judge.

J. Marshall Sherrer and Christine Sherrer Wheatley brought this wrongful death action against Mildred Lynn alleging that Lynn proximately caused the death of their mother, Annie Sue Bridges Sherrer, by negligently passing their mother's automobile in such a manner that their mother lost control of her vehicle, injured her head in the ensuing crash, and died eleven months later allegedly from cerebral atrophy caused by trauma from the crash. The jury found in favor of Lynn. Sherrer and Wheatley appeal the trial court's denial of their motion for new trial.

1. Appellants contend that the trial court erred by denying their motion in limine and admitting into evidence certified copies of two death certificates as to the death of their mother. Both certificates were signed by the attending physician within 48 hours of the decedent's death. However, the first certificate listed three immediate causes of death (respiratory arrest, cardiovascular arrest, diabetes mellitis) whereas the second death certificate, ostensibly an amendment to the first, listed respiratory arrest and cerebral arteriosclerosis as the immediate causes of death. Neither certificate was filed with the registrar within 72 hours of the death as required by OCGA § 31-10-15 (a) (formerly OCGA § 31-10-71 (a); Code Ann. § 88-1715 (a)). Appellants cite *Liberty Nat. Life Ins. Co. v. Power*, 112 Ga. App. 547 (4) (a-d) (145 SE2d 801) (1965) as authority for their argument that the death certificates were inadmissible hearsay evidence due to failure of the certificates to be filed within the 72-hour statutory period. However, *Liberty Nat.* was decided on the basis of Code Ann. § 88-1118 (Ga. L. 1945, pp. 236, 242) which was repealed by Ga. L. 1964, pp. 499, 595-596 and replaced by Code Ann. § 88-1724 (b) which states that a certified copy of a certificate or vital record issued in accordance with subsection (a) of the statute shall be considered for all purposes the same as the original and shall be prima facie evidence of the facts therein stated, provided, however, "that the evidentiary value of a certificate or record *filed more than one year after the event, or a record which has been amended*, shall be determined by the judicial or administrative body or official before whom the certificate is offered as evidence." (Emphasis supplied; quoted language is identical to that found in OCGA § 31-10-26 (b), formerly OCGA § 31-10-14 (b)). Although the death certificates were thus prima facie evidence of the facts stated therein, the presumption raised by the evidence was rebuttable, *Allstate Ins. Co. v. Holcombe*, 132 Ga. App. 111, 115 (3) (207 SE2d 537) (1974), in which case it is the province of the jury to weigh the conflicting evidence and draw its own conclusions therefrom. We find no reversible error in the trial court's admis-

sion of this evidence or in the denial of appellants' motion in limine.

2. No objection having been made at trial by the appellants to the admission into evidence of a photograph depicting the scene of the accident, such objection cannot be made for the first time in this court. *Capitol City Roofing v. Wentz*, 165 Ga. App. 699, 701 (4) (300 SE2d 322) (1983).

*Judgment affirmed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED NOVEMBER 8, 1984 —
REHEARING DENIED NOVEMBER 27, 1984.

*Walton Hardin*, for appellants.
*Wilbur A. Orr, Thomas W. Tucker*, for appellee.