## 69622. WILSON v. THE STATE.
(328 SE2d 418)

SOGNIER, Judge.

Appellant was convicted of driving a motor vehicle under the influence of alcohol and improper driving.

1. Appellant contends the trial court erred by allowing appellant's in-custody statement in evidence which had not been furnished to him after a timely, written request for the statement was made

pursuant to the provisions of OCGA § 17-7-210 (a). Appellant contends that because he was not furnished a copy of the statement, OCGA § 17-7-210 (d) prohibits its use in evidence.

When a police officer observed appellant driving his car erratically he stopped appellant and asked for his driver's license. The officer noticed a strong odor of alcohol and had appellant get out of the car, took him to the rear of appellant's car, and among other things, asked appellant to recite the alphabet. Appellant was then arrested. Appellant's attempted recitation of the alphabet is the "statement" appellant claims was erroneously admitted in evidence. We do not agree.

OCGA § 17-7-210 (a) provides that at least ten days prior to trial a defendant shall be entitled to have a copy of any statement made by him while in police custody. In *Berkemer v. McCarty*, 468 U. S. ___ (104 SC ___, 82 LE2d 317) (1984), the Supreme Court of the United States held that a motorist detained pursuant to a traffic stop is not taken into custody for the purpose of the *Miranda* warning. The court went on to hold that where a police officer asked the motorist a modest number of questions and requested him to perform a simple balancing test, and only a short period of time elapsed between the stop and his arrest, statements made by the motorist prior to his arrest are admissible against him. The court rejected the contention that the initial stop of respondent's car, by itself, rendered him in custody. Applying the holding in *Berkemer* to the facts in the instant case, it is clear that appellant was not in custody when he was asked to recite the alphabet. Since appellant was not in custody, there was no requirement under OCGA § 17-7-210 that prior to trial the state furnish appellant a written summary of his attempted recitation of the alphabet.

2. Appellant contends the trial court improperly curtailed his right of cross-examination by not allowing him to question a police officer about notes used to refresh his memory.

The question objected to by the state did not relate to information in the officer's notes, but to conjecture by the officer as to what he *might* have done under different circumstances.

Although the right to a thorough and sifting cross-examination may not be abridged, that right is not unlimited. *Anderson v. State*, 165 Ga. App. 885, 887 (5) (303 SE2d 57) (1983). The scope of cross-examination is within the discretion of the trial judge, to control that right within reasonable grounds, and his discretion will not be controlled by a reviewing court unless it is abused. *Miller v. State*, 155 Ga. App. 587 (3) (271 SE2d 719) (1980). Since the question related to speculative matters not relevant to any issue in the case, we find no abuse of discretion.

3. Appellant contends it was error to charge the jury that "a wit-

ness, in a driving under the influence case, states a fact rather than an opinion when he testifies that a defendant was under the influence of intoxicants." Even assuming, as contended by appellant, that *New v. State*, 171 Ga. App. 392, 393 (5) (319 SE2d 542) (1984), disapproved such a charge, appellant made no objection to the charge at trial, and it is well settled that this court will not consider matters raised for the first time on appeal. *Scott v. State*, 243 Ga. 233, 234-235 (2) (253 SE2d 698) (1979).

*Judgment affirmed. Deen, P. J., and McMurray, P. J., concur. Deen, P. J., also concurs specially.*

DECIDED MARCH 12, 1985.

*Larry W. Yarbrough*, for appellant.
*Herbert A. Rivers, Solicitor, N. Jackson Cotney, Jr., Assistant Solicitor*, for appellee.

DEEN, Presiding Judge, concurring specially.

While concurring fully with what is said in all three divisions of the majority opinion, with regard to the latter division, it is appropriate to observe that there are two seemingly inconsistent lines of cases regarding the status of a witness' testimony over whether another person was under the influence of intoxicants. Authority under the first cases indicates that what the witness states is only an opinion, while the other cases hold that it is a fact.

Supporting the former position ("an opinion") are cases such as *Choice v. State*, 31 Ga. 424 (1860); *Durham v. State*, 166 Ga. 561 (144 SE 109) (1928); *Harris v. State*, 97 Ga. App. 495 (103 SE2d 443) (1958); *Lawrence v. State*, 157 Ga. App. 264 (277 SE2d 60) (1981). Those cases supporting the latter position ("as a fact") are *Johnson v. State*, 69 Ga. App. 377 (25 SE2d 584) (1943); *Donley v. State*, 72 Ga. App. 429 (33 SE2d 925) (1945); *Wells v. State*, 110 Ga. App. 507 (139 SE2d 151) (1964); *Garrett v. State*, 146 Ga. App. 610 (247 SE2d 136) (1978). This court has no choice but to follow *Choice v. State*, supra, in which the Supreme Court clearly states at 424 (3): "Witnesses other than experts may give their *opinions* as to sanity or insanity, provided they be accompanied by the facts upon which they are founded. Nor is it wrong for witnesses to state that the prisoner 'appeared to be drinking.' " (Emphasis supplied.)

In *Choice v. State*, supra, Justice Lumpkin, while considering Judge Bull's charge to the jury, observed that drunkenness is "easy of detection and difficult of explanation," and expounded provocatively on the questions at issue: "It may be, that, owing to the accident of 1850, the defendant was not only more easily affected by liquor, but, also, that he had less power to control his appetite for drink. Still

this, if true, would not excuse him. A man may have partial or general insanity, and that, too, from blows upon the head, yet if he drink, and bring on temporary fits of drunkenness, and, while under the influence of spirits, takes life, he is responsible. 'There are men,' says Mr. Justice Story, 'soldiers who have been severely wounded in the head especially, who well know that excess makes them mad; but if such person wilfully deprive themselves of reason, they ought not to be excused for one crime, by the voluntary perpetration of another.' [Cits.]" Id. at 480. Justice Lumpkin further cautioned: "On the trial of Kleim, before Judge Edmonds, of Spiritual Rapping notoriety, in 1845, we find the first clear legal recognition of this *moral* insanity doctrine — a doctrine which destroys all responsibility to human and Divine law; and one originating, as I verily believe, in an utter misconception of man's moral and physical nature; an offshoot from that Bohon Upas of *Humanism*, which has so pervaded and poisoned the Northern mind of this country, and which, I fear, will cause the glorious sun of our Union to sink soon in the sea of fratricidal blood!" Id. at 474.

In *New v. State*, 171 Ga. App. 392 (319 SE2d 542) (1984), this court attempted to overrule *Garrett, Donley, Harris,* and possibly *Johnson,* wherein the latter cases indicated the witness' testimony was "a fact," but this was an aborted effort as three judges cannot overrule a case. When a proper objection is made in a future case, our whole court should then, in my opinion, consummate the worthy goal sought in *New,* supra. However, this endeavor must wait another day.