## 71427. FISHER v. THE STATE.
### (339 SE2d 744)

McMURRAY, Presiding Judge.

Defendant appeals his conviction of driving while under the influence of alcohol. *Held*:

1. Defendant contends the trial court erred in allowing the arresting officers to testify as to whether the defendant was under the influence of alcohol and whether because of any such intoxication defendant was a less safe driver. Defendant's argument that such testimony was improper because this was the ultimate issue before the jury was

rejected in *Harris v. State,* 97 Ga. App. 495, 497 (3) (103 SE2d 443) (explained in connection with charges to the jury in *New v. State,* 171 Ga. App. 392 (5) (319 SE2d 542)). See also *Lawrence v. State,* 157 Ga. App. 264 (277 SE2d 60). These enumerations of error are without merit.

2. Defendant's remaining enumeration of error raises an issue as to the correct construction of "chemical test" and "chemical analysis" as used in OCGA § 40-6-392. Defendant contends that these terms refer to a procedure wherein chemicals are involved, presumably the introduction of some chemical into a sample of a bodily substance so as to produce a reaction or absence thereof, which would indicate a result.

Thus, defendant argues that the intoximeter results should not have been admitted in the absence of proof that the intoximeter operates in this manner ("chemical test" and "chemical analysis").

We find defendant's definition of the terms at issue to be too narrow and restricted. For example, Webster's New Intl. Dictionary, 2d ed., provides a broader definition: "analysis . . . Chem. a. The separation of compound substances, by chemical processes, into their constituents. b. *The determination, which may not involve actual separation, of one or more ingredients of a substance either as to kind or amount; also the tabulated result of such a determination . . .*" (Emphasis supplied.)

The legislature was concerned with providing accurate evidence as to the amount of alcohol or drug in a person's blood at the alleged time. Administrative authority to determine the appropriate methodology was conferred upon the Division of Forensic Sciences of the Georgia Bureau of Investigation. OCGA § 40-6-392 (a) (1). When we consider the terms at issue in their statutory context, we find that the legislature clearly intended the broader definition emphasized above. Thus, an intoximeter which determines the amount of alcohol in one's breath (by whatever means) and calculates therefrom the blood alcohol content performs a "chemical analysis" or "chemical test."

We find no error in permitting the intoximeter operator to testify as to the results of the defendant's breath test. Both the operator and machine were licensed and approved as required under OCGA § 40-6-392. See *McElroy v. State,* 173 Ga. App. 685, 686 (3) (327 SE2d 805).

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED JANUARY 7, 1986.

*Albert B. Wallace,* for appellant.
*John C. Carbo III, Solicitor, Anne M. Landrum, Assistant Solicitor,* for appellee.