71116. LUKE v. THE STATE.
(340 SE2d 30)

BENHAM, Judge.

Appellant was convicted under the habitual violator statute (OCGA § 40-5-58) and of driving under the influence of alcohol

(OCGA § 4-6-391). On appeal he challenges the sufficiency of the evidence of the former charge and the trial court's jury instruction on the latter.

1. Appellant admitted at trial that he drove his friend's car at least one-eighth of a mile before pulling it over to the side of the road. The arresting officers also testified that they saw appellant driving the vehicle. Documents stipulated to by both parties and admitted into evidence showed that appellant had been declared a habitual violator on March 6, 1980, that his driver's license had been revoked on August 11, 1980, for a period of five years, and that appellant had been duly notified of those facts. The evidence presented at trial was sufficient to sustain the habitual violator conviction. *Jackson v. Virginia*, 443 U. S. 307 (99 SE 2781, 61 LE2d 560) (1979); *Hester v. State*, 159 Ga. App. 642 (3) (284 SE2d 659) (1981).

2. The trial court gave the following instruction to the jury as part of its charge relating to the D.U.I. count pending against appellant: "I charge you that a witness who has had an opportunity to observe the fact that another is under the influence of intoxicants states a fact rather than an opinion when he testifies that the defendant was under the influence of intoxicating liquor."

Appellant, citing *New v. State*, 171 Ga. App. 392 (5) (319 SE2d 542) (1984), contends that the language quoted "could easily mislead a jury to the defendant's prejudice," thus requiring a reversal of the judgment of conviction. We agree. In *New*, one panel of this court specifically disapproved of the language in question. We now take this opportunity to act on the suggestion made in Presiding Judge Deen's special concurrence in *Wilson v. State*, 173 Ga. App. 805 at 808 (328 SE2d 418) (1985); i.e., for the whole court to overrule *Garrett v. State*, 146 Ga. App. 610 (247 SE2d 136) (1978); *Harris v. State*, 97 Ga. App. 495 (3) (103 SE2d 443) (1958); *Donley v. State*, 72 Ga. App. 429 (33 SE2d 925) (1945); *Johnson v. State*, 69 Ga. App. 377 (25 SE2d 584) (1943), and similar cases insofar as they stand for the proposition stated in the contested jury charge. Furthermore, we adopt the language set out in Division 5 of *New*, supra, that "a witness who satisfactorily shows that he had opportunity to observe, and did observe, the condition of another, may testify whether that person was under the influence of intoxicants and the extent thereof, stating the facts upon which the opinion is based" as being suitable for use as a jury charge.

In the case before us, however, reversal is required notwithstanding the fact that the trial court charged the jury with the "more appropriate statement of the legal principle involved," suggested in the *New* case. "Where the jury is 'left to pick and choose between the incorrect principle and the correct principle, an assignment of error on the incorrect portion of the charge is meritorious.' [Cit.]" *George v.*

*State*, 103 Ga. App. 598, 600 (120 SE2d 55) (1961).

*Judgment affirmed in part and reversed in part. Banke, C. J., Deen, P. J., McMurray, P. J., Birdsong, P. J., Carley, Sognier, Pope, and Beasley, JJ., concur.*

DECIDED JANUARY 22, 1986.

*Lee R. Hasty*, for appellant.
*Arthur E. Mallory III, District Attorney, William G. Hamrick, Jr., Assistant District Attorney*, for appellee.