74994. MYERS v. THE STATE.
(362 SE2d 92)

BIRDSONG, Chief Judge.

Allen Duane Myers was convicted of homicide with a motor vehicle and driving under the influence of alcohol. He was sentenced to eight years with five to serve. He brings this appeal enumerating eleven asserted errors. *Held:*

1. The first four enumerations deal with the sufficiency of the evidence to support the convictions and to withstand a motion of a directed verdict of acquittal. Viewing the evidence in the light most favorable to the verdicts of guilty found by the jury, we conclude the jury was authorized to believe the following sequence of events. Myers and his co-workers participated in a fish fry at their place of work on the day of the incident leading to this homicide. It is uncontested that Myers drank some undetermined quantity of beer. A blood alcohol test performed approximately two hours after the collision revealed a blood alcohol level of .20. Myers' brother, who was a passenger in Myers' truck, testified Allen Myers was the operator of the vehicle at the time of the collision. Myers himself made an admission at the scene that he was the operator, that he must have missed a

stop sign and that he had been drinking. There is no evidence that speed was a contributing cause to the collision.

The collision as reconstructed by expert testimony showed that the decedent's vehicle (in which he was a passenger) was proceeding in an easterly direction with the right-of-way. Myers was proceeding north approaching the intersection crossing the road upon which the decedent's vehicle was driving east. Myers' path had a stop sign regulating his entry into the intersection. Myers and his brother both testified that he stopped at the stop sign and was slowly accelerating into the intersection when he was struck broadside by the decedent's vehicle. An expert offered by the defense corroborated this version of the incident. Myers stated also he never saw any light of an oncoming vehicle. Contradictory evidence offered by the State established that even after the accident and both cars had stopped, the lights were still burning on the vehicle occupied by the decedent. Evidence offered by traffic and collision experts for the State gave credible proof that, based upon the distance traveled by Myers' truck after the collision and the position of the two colliding vehicles in their final resting places, the physical facts were consistent with one vehicle not stopping for the stop sign, driving into the intersection and being struck in the side by the easterly proceeding vehicle. The force of the collision threw the decedent out the right hand door (passenger door where he was seated) and caused him massive head injuries, the proximate cause of death. The arresting officer at a preliminary accident inquiry while seeking to ascertain if either Myers or his brother were injured but without asking inculpatory questions observed Myers and his brother, apparently acting under the influence of intoxicants, overheard voluntary statements that Myers assumed he had missed the stop sign and admitted he had been drinking. There were skid marks from the eastbound car but none apparently attributable to the northbound car prior to the collision.

It is clear that the facts were in diametric contradiction, and the issue necessarily had to be reconciled by the jury. We will not speculate as to what evidence the jury chose to believe or disbelieve. On appeal this court is bound to construe the evidence with every inference being in favor of upholding the jury's verdict. *Mills v. State*, 137 Ga. App. 305, 306 (223 SE2d 498). Where the testimony of the State and that of the defendant is in conflict, the jury is the final arbiter. *Sims v. State*, 137 Ga. App. 264 (223 SE2d 468). As noted, on appeal the evidence must be construed to uphold the verdict, the conflicts must be resolved against the appellant, and if there is evidence of the requisite sufficiency to support the verdict, it must be affirmed as against a motion for a directed verdict of acquittal or an allegation of error based upon the general grounds. See *Johnson v. State*, 231 Ga. 138 (1) (200 SE2d 734); *Merino v. State*, 230 Ga. 604 (198 SE2d 311);

*Talley v. State*, 137 Ga. App. 548, 549 (224 SE2d 455). A fair analysis of the evidence in support of the convictions of the two offenses charged satisfies this court that there was a sufficient quantum of credible evidence to satisfy any rational jury of reasonable persons of the guilt of the accused beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). There is no merit in the first four enumerations of error.

2. In his enumeration of error 5, Myers complains the trial court erred in allowing evidence of the blood alcohol test results over his motion to suppress those results. This enumeration is based upon two predicates. He first urges that the trial court should have held an evidentiary hearing at the time of the preliminary motion. The trial court denied the motion at the time it was made subject to a renewal at the time the evidence relating to the offer by the State of the conduct and results of the blood alcohol test. There is no requirement that a preliminary hearing be conducted on such a motion so long as there is an evidentiary predicate to support the ultimate ruling by the trial court. Clearly such evidence was presented in this case. Thus this ground for the claimed error is meritless. Secondly Myers complained there was no evidence that the blood was refrigerated or that a preservative was added to the blood sample so as to protect it from contamination. However, the evidence before the court demonstrated that a parafin seal was placed into the mouth of the vial containing the blood and that seal had a preservative contained within it. Moreover, the chemist testified that the sample was not contaminated nor degenerated at the time he examined it. Even if we found some support for the contamination arguments advanced by Myers, such arguments go only to the weight to be afforded the evidence and not to its admissibility. Thus there is no merit to the second predicate of this enumeration.

3. Myers argues in his enumeration of error 6 that the trial court erred in admitting a copy of the death certificate because the certificate had not been filed with the registrar within 72 hours as required by OCGA § 31-10-15 (a). This same type of enumeration was considered in *Sherrer v. Lynn*, 172 Ga. App. 745 (324 SE2d 500). In that case the certificate was held to be admitted properly and to be prima facie evidence of the facts stated thereon but subject to rebuttal. The same conclusion must be reached in regard to the argument that the certificate was not transmitted to the custodian of vital records within 10 days. This enumeration lacks substantial merit.

4. In enumeration of error 7, Myers contends that the DUI statute is unconstitutional because it is vague and non-specific. Contrary to Myers' contention, the language of this statute has already passed constitutional muster. *Cargile v. State*, 244 Ga. 871, 873 (1) (262 SE2d 87). There is no issue for this court to consider.

5. In enumeration of error 8, Myers contends the trial court erred in its charge by telling the jury a witness who testifies that a person is under the influence of an intoxicant testifies to a fact rather than to an opinion. See *Garrett v. State*, 146 Ga. App. 610, 611 (247 SE2d 136) criticized in *New v. State*, 171 Ga. App. 392 (5) (319 SE2d 542) and overruled in *Luke v. State*, 177 Ga. App. 518 (340 SE2d 30).

The appellant misconstrues the intent of the charge of the trial court. The court in its charge stated: "A witness who satisfactorily shows that he had an opportunity to observe . . . a person's condition may testify, as a statement of fact actually observed by him, whether such person was under the influence of intoxicating liquor. Nevertheless, you, the Jury, may consider all the actual facts which the witness testified that he observed concerning the condition of the defendant and reach a conclusion based exclusively on those facts wholly independent from the conclusion testified to by any witness."

In the *New* case, the objectionable feature of the charge was that the trial court told the jury that what obviously was an opinion should be treated as fact. Thus the jury was to accept that a person was drunk as a fact when in actuality the witness was only giving his conclusion based upon certain external criteria. In this case considering the entire charge on this subject, the reasonable understanding to be drawn by the jury was that if they found the witness had observed sufficient external criteria upon which to base a conclusion that the appellant was drunk, he (the witness) could express his conclusory opinion and state this as a composite fact based upon his revealed observations. But the jury also was sufficiently informed that this was nothing more than a composite fact based upon those observations and the jury was not obligated to draw that same conclusion and thus could reject the conclusory fact. Thus, what constituted the "fact" were the observations of the witness. We conceive this to be no different than testimony that a person is "insane" based upon the observations that lead to that conclusion. Though we do not find this portion of the charge to be a model of clarity, we find the charge in this case readily distinguishable from that condemned in the *New* case, supra. We find the charge to be sufficiently clear so as not to mislead the jury and in practical effect gave the jury the option to accept the composite fact of observed intoxication if it agreed or to reject the composite fact if it differed with the conclusion drawn by the witness. Thus contrary to the assertion made by Myers, we do not find the charge to be a misstatement of applicable law. This enumeration is without merit.

6. In enumeration of error 9, Myers argues that allowing the attending technician who withdrew Myers' blood to testify violated notice requirements. The facts show that the State notified Myers' attorney before any evidence was offered that the technician would be

called. Before the witness testified, Myers was given the opportunity to interview the witness and availed himself of that opportunity. The rights accorded Myers by the trial court in relation to this witness satisfied the rights of notice, confrontation, and eliminated any element of surprise. *White v. State*, 253 Ga. 106, 109 (3) (317 SE2d 196). This enumeration lacks merit.

7. In enumeration 10, Myers urges error in allowing the report of the state chemist showing the .20 blood alcohol level on the grounds the report was "self serving [and] not the original document." However the witness testified the document was an official document, prepared by him in the course of business and contained his signature. Also the witness testified fully to the test and its results.

Counsel for Myers did not show upon what basis he concluded the document was "self serving" or was not an "original" document. This is tantamount to an objection that the evidence is irrelevant and immaterial without stating what renders the evidence irrelevant or immaterial. See *Newman v. State*, 239 Ga. 329, 330 (236 SE2d 673); *Dillard v. State*, 128 Ga. App. 747 (197 SE2d 924). See also *Bolden v. State*, 150 Ga. App. 298 (3) (257 SE2d 367) to the effect that an inadequate objection raises no ground for reversal. Moreover, assuming arguendo the document was not the best evidence or simply supported oral testimony, it was merely cumulative and thus caused no harm or prejudice. *Robinson v. State*, 229 Ga. 14 (189 SE2d 53).

8. In his last enumeration of error, Myers complains he was entitled to a mistrial because the State's expert testified that in his opinion the accident was largely caused by Myers' running a stop sign. Myers then and now urges this placed an unconvicted act into issue and thus raised his character improperly. First, we observed that Myers was charged initially with the offense of running a stop sign. That offense was removed from the jury by a grant of a directed verdict of acquittal. Thus the jury was not acquainted with uncharged misconduct by the testimony of the expert. Secondly, the officer was not exposing evidence of some criminal act unrelated to and occurring before the present charged misconduct. We are more impressed with the ingenuity of this argument than with its merit, of which we find none.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED OCTOBER 1, 1987 —
REHEARING DENIED OCTOBER 22, 1987 — ■

*Joseph M. Todd*, for appellant.
*Robert E. Keller, District Attorney, Deborah C. Benefield, Assis-*

*tant District Attorney*, for appellee.

