A94A0410. BRIDGERS v. THE STATE.
(444 SE2d 330)

POPE, Chief Judge.

Defendant Roland Edward Bridgers appeals from his conviction for driving under the influence of alcohol. Defendant argues the trial court erred in denying his motion for a directed verdict of acquittal and in entering its verdict finding defendant guilty of driving under the influence.

Defendant argues because the vehicle he was steering was being towed, he cannot be convicted of driving under the influence of alcohol. A similar issue was raised in *Harris v. State*, 97 Ga. App. 495, 496 (103 SE2d 443) (1958), overruled on other grounds, *Luke v. State*, 177 Ga. App. 518 (340 SE2d 30) (1986). In *Harris*, this court held that a driver who was under the influence of alcohol while he was steering a vehicle that was not operating under its own power was guilty of violating the predecessor to OCGA § 40-6-391, Code Ann. § 68-1625, which made it unlawful for any person under the influence of intoxicating liquor to operate or drive a vehicle. In that case we noted that whether a defendant is in control is a question of fact. Id.

In this case defendant was tried before the court sitting without a jury. During the case evidence was presented that the vehicle in which defendant was traveling was being towed via a six to eight-foot-long steel cable attached to another vehicle. Certain wheels on the vehicle in which defendant was traveling were moving and others were locked. Defendant was steering the vehicle to keep it within the lanes of traffic. Defendant's blood-alcohol level during this time was

.11 grams and the two police officers on the scene testified that defendant was under the influence of alcohol to the extent that it was less safe for him to drive. Based on these facts, the trial court found that defendant was in control of the vehicle because it was necessary for him to steer the vehicle to keep it within the traffic lane. The evidence presented at trial was sufficient to support the trial court's ruling. Accordingly, the trial court did not err in refusing to grant defendant's motion for a directed verdict of acquittal or in finding defendant guilty of violating OCGA § 40-6-391.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED APRIL 11, 1994 —
RECONSIDERATION DENIED MAY 9, 1994 —

*Thomas J. Hough, Jr.*, for appellant.
*Ben F. Smith, Jr.*, Solicitor, *Cindi Yeager, Barry E. Morgan*, Assistant Solicitors, for appellee.