A94A1365. GREENE v. THE STATE.
(448 SE2d 758)

SMITH, Judge.

James Homer Greene, Sr., was convicted of driving under the influence and other traffic offenses. He appeals following the denial of his motion for new trial. He enumerates separately the sufficiency of the evidence to convict him, the denial of his motion for directed ver-

dict, and the denial of his motion for new trial. Greene's enumerations present a single question for review and will therefore be treated together. See, e.g., *Griffin v. State*, 212 Ga. App. 411, 412 (441 SE2d 897) (1994).

The evidence, viewed to support the verdict, shows that a Cobb County police officer was dispatched to State Route 120 at Due West Road to investigate a report of an impaired driver operating a blue and silver pickup truck with no license plate visible. Immediately prior to this dispatch, the vehicle was reportedly traveling westbound on State Route 120. The officer found the vehicle within five minutes of receiving the original dispatch. The vehicle was stopped on the roadway in the right turn lane. The officer parked his vehicle immediately behind the pickup truck. At the time, the engine was running, and both the brake lights and reverse lights were lit. The license plate was improperly displayed in the rear window, consistent with the original report that no license plate was visible.

As the officer approached the cabin of the truck, he noticed Greene in the driver's seat, slumped over the wheel and apparently passed out. The officer tapped on the driver's side window, startling Greene. Greene "jumped up," and the vehicle rolled backwards several inches. Greene reached for the gear shift, put the truck in park, and turned the ignition off.

It is undisputed that Greene was intoxicated at the time of his encounter with the officer. The only question is whether Greene was in control of a moving vehicle at any time while intoxicated. Greene's explanation at trial was that the truck, which had been driven by another, experienced brake failure. According to Greene, he was merely guarding the truck and the tools contained therein while others went for help. This fails to explain Greene's ability to keep the truck stationary by applying the brake while he was passed out and the truck was in reverse. Moreover, the officer tested the vehicle at the scene and found the brakes to be in working order.

Even if the jury was not authorized to disbelieve Greene's implausible story based on the circumstantial evidence alone, it would appear that the arresting officer nevertheless witnessed Greene in a state of actual physical control of a moving vehicle while intoxicated in violation of OCGA § 40-6-391. We disagree with Greene's argument that the distance the officer witnessed the truck roll backwards is not the kind of movement prohibited by OCGA § 40-6-391. Greene suggests that if such were the case, a person could be convicted of DUI even if he just happened to be sitting behind the wheel in an intoxicated condition when a strong gust of wind caused the otherwise stationary vehicle to begin moving. We are not particularly troubled by this possibility. In any event, Greene's hypothetical is clearly distinguishable from the actual case before us. It was Greene's own fail-

ure to maintain control of a vehicle that was running and in gear that caused it to move in the officer's presence, and not a force totally beyond his control.

The jury was authorized to find Greene guilty of the offenses charged beyond a reasonable doubt based on the evidence presented, both direct and circumstantial. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Pope, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 16, 1994.

*J. Guy Sharpe,* for appellant.

*Ben F. Smith, Jr., Solicitor, Aurieanne Sneed, Barry E. Morgan, Mark A. Basurto, Assistant Solicitors,* for appellee.