A01A0853. SAVAGE v. THE STATE.
(556 SE2d 176)

BLACKBURN, Chief Judge.

Following a jury trial, Mark Savage appeals his convictions of driving under the influence of drugs to the extent it was less safe to drive and driving with a controlled substance in his blood, in violation of OCGA § 40-6-391 (a) (2) and (6), arguing that the trial court erred by: (1) failing to direct a verdict in his favor on both DUI counts; (2) refusing to charge the jury on the defense of accident; (3) refusing to instruct the jury that the State must prove that he had actual physical control of his vehicle beyond a reasonable doubt; (4) failing to charge the jury on the elements of DUI, thereby improperly shifting the burden of proof to Savage; (5) failing to charge the jury on Savage's theory of defense; (6) admitting evidence of Savage's prior conviction for DUI; and (7) denying Savage's pre-trial motion to suppress the evidence obtained from a search of his car and the results of a chemical test of his blood. For the following reasons, we affirm.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict." *Cox v. State.*[1] So viewed, the evidence shows that, at approximately 4:30 p.m. on December 21, 1999, Thomas Jones observed Savage in the parking lot of Manuel's Tavern. Jones, who was entering the tavern, noticed Savage talking with someone in a car and acting "loud and boisterous." Savage was not wearing a shirt or shoes, which seemed odd to Jones, because it was a cold and rainy December day.

At approximately 6:30 p.m., Jones left the tavern and noticed

[3] *Griffin v. Travelers Ins. Co.*, 230 Ga. App. 665, 666 (497 SE2d 257) (1998).
[1] *Cox v. State*, 241 Ga. App. 388, 389 (526 SE2d 887) (1999).

Savage attempting to break into a car in the tavern parking lot.[2] Jones saw Savage get into the car and witnessed the car roll approximately 15 feet and strike a parked van. Jones did not see anyone else in the car and did not hear the engine running. According to Jones, Savage did not close the car door. Jones reported what he had witnessed to police officers who were in the tavern.

Officer Clark Combs of the Atlanta Police Department was called to the scene. When he arrived, at approximately 7:30 p.m., Officer Combs conferred with the other two officers in the parking lot and noticed that the car (which belonged to Savage) and the van were slightly damaged from the collision. Officer Combs spoke with Jones and then approached Savage. Savage was acting paranoid and irrational; he did not know where he was, could not respond to questions, and wanted to leave the scene. Officer Combs thought that Savage had taken drugs and called an ambulance because he was concerned for Savage's safety.

When paramedics arrived, Savage was strapped to a gurney because of his combative behavior. Savage was arrested and taken to Grady Memorial Hospital, where Officer Combs read him his *Miranda* and implied consent rights. Savage submitted to a blood test which came back positive for cocaine metabolites. The State's forensic scientist opined that Savage had ingested the cocaine six to twelve hours prior to the blood being drawn.

A search of Savage's car produced a bottle of "Blue Nitro." Testimony at trial established that Blue Nitro was an over-the-counter health and fitness product that converts into gamma-hydroxybutyric or GHB (commonly referred to as the "date rape drug") when ingested. GHB is a central nervous system depressant and a very powerful intoxicant. Savage admitted to consuming "one small cap full" of Blue Nitro soon after arriving at the tavern that evening because he "heard it would make you hungry." Savage also admitted to taking a decongestant and Nyquil that day.

1. Savage argues that the trial court erred in denying his motion for directed verdict of acquittal on both DUI counts because the State failed to offer any evidence that he drove or was in actual physical control of his vehicle, a prerequisite to establish a violation under OCGA § 40-6-391 (a) (2) and (6).

OCGA § 40-6-391 (a) provides in pertinent part:

> A person shall not drive or be in actual physical control of any moving vehicle while . . . (2) Under the influence of any drug to the extent that it is less safe for the person to drive

---

[2] Savage testified that he broke into the car with a coat hanger that he found in the parking lot.

. . . (6) . . . there is any amount of marijuana or a controlled substance, as defined in Code Section 16-13-21, present in the person's blood or urine, or both, including the metabolites and derivatives of each or both without regard to whether or not any alcohol is present in the person's breath or blood.

OCGA § 40-6-391 (a) (2), (6).

Specifically, Savage argues that the jury was not authorized to find that he drove or was in control of the car because he did not have the keys and the motor was not running. "A directed verdict of acquittal in a criminal case is authorized only where there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall *demand* a verdict of acquittal or 'not guilty.'" (Punctuation omitted; emphasis in original.) *Duckworth v. State*.[3]

We first address the question of what constitutes driving or being in actual physical control of a moving vehicle while under the influence, under OCGA § 40-6-391 (a). See *Deering v. State*.[4] In *Harris v. State*,[5] overruled on other grounds, *Luke v. State*,[6] this court found an intoxicated defendant to be in actual physical control of his disabled vehicle when, after he was pushed into the street by another car, he steered his vehicle a short distance, even though his vehicle was unable to move under its own power. See also *Luke*, supra. It is not necessary to show that the defendant actually steered the vehicle to authorize a conviction. Accordingly, in *Greene v. State*,[7] we found the defendant to be in actual physical control of a moving vehicle when, passed out at the wheel of his truck (which was idling and in reverse gear), the defendant was startled into consciousness by an officer, causing the truck to roll backward several inches. We held: "It was Greene's own failure to maintain control of a vehicle that was running and in gear that caused it to move in the officer's presence, and not a force totally beyond his control." Id. at 665-666. It is not necessary that the engine be running in order to constitute a violation of OCGA § 40-6-391 (a). See *Harris*, supra; *Luke*, supra.

Here, the jury found that Savage was in actual physical control of his car in which the engine was not running. Savage admitted that no one else was in the car, that he caused the car to move, and that

---

[3] *Duckworth v. State*, 223 Ga. App. 250, 254 (3) (477 SE2d 336) (1996).

[4] *Deering v. State*, 244 Ga. App. 30, 31 (1) (535 SE2d 4) (2000).

[5] *Harris v. State*, 97 Ga. App. 495 (103 SE2d 443) (1958). *Harris* was decided under former Code Ann. § 68-1625. However, the issue decided there, as in the present case, was whether the person was in actual physical control of a vehicle. *Harris*, supra at 496.

[6] *Luke v. State*, 177 Ga. App. 518 (340 SE2d 30) (1986).

[7] *Greene v. State*, 214 Ga. App. 664, 665-666 (448 SE2d 758) (1994).

he was steering it. Savage could not recall why the car moved, but speculated that he knocked the car out of gear. Savage voluntarily placed himself behind the wheel of his car by breaking into it with a coat hanger and then caused it to roll downhill in the parking lot and collide with a van while he was under the influence of drugs.[8] The car moved as a direct result of Savage's actions in releasing the brake, causing the vehicle to shift from "park," or otherwise effecting the movement of the parked vehicle. Savage's argument that he was unable to steer the car because he had no keys is without merit. Ultimately, it was for the jury to decide whether Savage was in actual physical control of the car. See *Virgil v. State*.[9] The trial court did not err by refusing to direct a verdict in favor of Savage on this issue.

2. Savage contends that the trial court erred in refusing to give his request to charge based on OCGA § 16-2-2, that one is not guilty of a crime if the act is committed by misfortune or accident. We disagree.

OCGA § 16-2-2 provides: "[a] person shall not be found guilty of any crime committed by misfortune or accident where it satisfactorily appears [that] there was no criminal scheme or undertaking, intention, or criminal negligence." The defense of accident is an affirmative defense. *Griffin v. State*.[10] "An affirmative defense is a defense that admits the doing of the act charged but seeks to justify, excuse, or mitigate it." (Punctuation omitted.) *Kelley v. State*.[11] Accordingly, if a defendant does not admit to committing any act which constitutes the offense charged, he is not entitled to a charge on the defense of accident. Id.; *Virgil*, supra at 98.

Here, Savage does not cite to any case law to support his argument. He cites to OCGA § 16-2-2. Savage merely asserts that he is innocent of the offenses charged. He does not, for example, assert that while he committed the acts which constitute the crimes, such commission was by misfortune or accident. *Virgil*, supra at 98. See *Gann v. State*,[12] overruled on other grounds, *Brown v. State*.[13] Rather, Savage relies exclusively on his argument that the State failed to prove an essential element of the DUI offenses — that he drove or was in actual physical control of his car. See *Virgil*, supra at 98. It was Savage's burden to produce evidence to support the accident defense; he did not. See *Cheesman v. State*.[14] He therefore did not establish the evidentiary foundation necessary to authorize a charge

---

[8] Savage concedes that he was a less safe driver.
[9] *Virgil v. State*, 227 Ga. App. 96, 99 (3) (488 SE2d 694) (1997) (physical precedent).
[10] *Griffin v. State*, 267 Ga. 586 (1) (481 SE2d 223) (1997).
[11] *Kelley v. State*, 235 Ga. App. 177, 179 (1) (509 SE2d 110) (1998).
[12] *Gann v. State*, 190 Ga. App. 82, 85 (2) (378 SE2d 369) (1989).
[13] *Brown v. State*, 274 Ga. 31 (549 SE2d 107) (2001).
[14] *Cheesman v. State*, 230 Ga. App. 525, 528 (6) (497 SE2d 40) (1998).

on the defense of accident. See *Gann*, supra at 85; *Kelley*, supra at 179 (1). The trial court did not err in refusing to give an instruction on the defense of accident under the facts of this case.

3. Savage contends that the trial court erred in refusing to instruct the jury that the State must prove beyond a reasonable doubt that Savage had actual physical control of the vehicle. Savage did not request this charge in writing in the trial court. It is not generally reversible error for the trial court to fail to give a request to charge that is not submitted in writing by the complaining party where the trial court otherwise gives all necessary charges. See *Holt v. State*.[15] Here, the trial court appropriately charged the jury that the State must prove *all* elements of the crimes charged beyond a reasonable doubt. This necessarily included proving that Savage drove or was in actual physical control of the vehicle within the meaning of OCGA § 40-6-391 (a), as charged. See *Downside Risk v. MARTA*.[16] We find no error here.

4. Savage claims that the trial court erred by failing to define for the jury the terms "actual physical control" and "driving," which failure, together with the charge given, improperly relieved the State of its burden of proof. First, Savage did not request that the trial court specifically charge the jury on the terms "actual physical control" or "driving." Ordinary words are given their ordinary meaning by juries, and it is not error for the court to fail to charge on such terms, absent a specific request. See *Holt*, supra at 344. The trial court's charge on "actual physical control" properly explained that such issue was a factual question for the jury to resolve. See *Deering*, supra at 32.

Savage's reliance on *Virgil v. State,* supra, to support his argument that the trial court relieved the State of its burden of proof is also without merit. In *Virgil*, the trial court improperly instructed the jury that it was irrelevant whether the defendant intended to move the vehicle as long as the vehicle moved as a result of her actions. Id. at 98-99. That charge had the effect of eliminating the jury's consideration of the accused's defense that she was not driving or in actual control of the car. Id. at 99 (3). Here, this defective instruction was not given. On the contrary, the trial court instructed the jury at length concerning the criminal intent required to find Savage guilty of the crimes charged as well as the need to find that Savage was in actual control of the car. The trial court did not erroneously charge the jury concerning the elements of DUI.

5. Savage generally claims that the trial court erred because its charge as a whole failed to present Savage's theory of defense to the

---

[15] *Holt v. State*, 244 Ga. App. 341, 344 (3) (535 SE2d 514) (2000).
[16] *Downside Risk v. MARTA*, 168 Ga. App. 202, 206 (5) (308 SE2d 547) (1983).

jury. However, Savage does not identify the defense to which he is referring. In fact, Savage previously argues that both "accident" and the State's inability to prove beyond a reasonable doubt that he had actual physical control of the car were *each* his only defense. The trial court did not err as contended. *White v. Olderman Realty &c. Co.*[17] To the extent that Savage is attempting to raise a separate error through his objection to the charge as a whole, his objection lacks the specificity necessary for review. Id.

6. Savage contends that the trial court erred by admitting evidence of his prior DUI conviction. However, because Savage did not support this enumeration with citation to the record or to legal authority, it is deemed abandoned. Court of Appeals Rule 27 (c) (2); *Hudson v. State.*[18] We note that "[t]he decision to admit prior similar transaction evidence is within the discretion of the trial court and will not be disturbed absent an abuse of discretion." *Enloe v. State.*[19] "Evidence of a prior DUI offense, regardless of the circumstances surrounding its commission, is logically connected with a pending DUI charge as it is relevant to establish that the defendant has the bent of mind to get behind the wheel of a vehicle when it is less safe for him to do so." Id. Here, Savage pled guilty to a "less safe" DUI charge, OCGA § 40-6-391 (a) (1), within one year of the conviction he now appeals. The trial court did not abuse its discretion by allowing the State to present evidence of Savage's prior DUI conviction.

7. Savage claims that the trial court erred by denying his motion to suppress (a) evidence seized from his car after his arrest and (b) the results of a blood test which revealed the presence of cocaine metabolites. "Where the evidence on a motion to suppress is uncontroverted and credibility is not an issue, we review the evidence and the application of the law thereto de novo, construing all evidence in favor of the trial court's judgment." (Footnotes omitted.) *Almond v. State.*[20]

(a) Because Savage fails to offer any argument as to why the search of his vehicle was unlawful, he abandons the claim of error. Court of Appeals Rule 27 (c) (2). In any event, we note that the search of Savage's car was lawful as an inventory search prior to impounding the vehicle. See *Martin v. State.*[21] The circumstances here demonstrate that the decision to impound and inventory the car was reasonable. Savage's car was on private property, he had been arrested and taken to the hospital, and there was no one to take

---

[17] *White v. Olderman Realty &c. Co.*, 166 Ga. App. 179, 181 (3) (303 SE2d 517) (1983).
[18] *Hudson v. State*, 246 Ga. App. 335 (1) (539 SE2d 860) (2000).
[19] *Enloe v. State*, 239 Ga. App. 513, 514 (2) (520 SE2d 925) (1999).
[20] *Almond v. State*, 242 Ga. App. 650 (1) (530 SE2d 750) (2000).
[21] *Martin v. State*, 201 Ga. App. 716, 718 (1) (411 SE2d 910) (1991).

charge of the vehicle. See *Biggers v. State*.[22] The trial court did not err by refusing to suppress evidence seized from Savage's car.[23]

(b) Savage's argument that the results of the blood test should have been suppressed because Savage was too impaired to understand his implied consent rights is without merit. It is true that "[t]o be 'informed' it is necessary that the driver understand the import and meaning of the police officer's instructions to him." *Davis v. Pope*.[24] However, where there is some evidence, even though slight, to authorize a finding that the driver was rational enough to be informed, we will not interfere. Id.

Here, Savage was irrational at the scene of the accident and appeared to be under the influence of drugs. Savage was transported to Grady Memorial Hospital. Officer Combs testified that Savage became more lucid and responsive at the hospital, during the approximately one hour that passed from the time of his first encounter with Savage. Officer Combs read Savage *Miranda* and implied consent warnings and asked Savage if he would agree to a blood test; Savage agreed. There was evidence from which the trial court could have found Savage to be rational enough to understand his rights. Construing the evidence in favor of the trial court's ruling, the trial court did not err by refusing to suppress the results of the blood test.

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED NOVEMBER 2, 2001 — 

*Herbert Shafer*, for appellant.

*Joseph J. Drolet, Solicitor-General, Julie A. Kert, Assistant Solicitor-General*, for appellee.

---

[22] *Biggers v. State*, 162 Ga. App. 163, 164-165 (1) (290 SE2d 159) (1982).

[23] We also note that the search of Savage's car was lawful as incident to the DUI arrest. *State v. Nichols*, 225 Ga. App. 609, 612 (2) (484 SE2d 507) (1997).

[24] *Davis v. Pope*, 128 Ga. App. 791, 793 (4) (197 SE2d 861) (1973).