## A03A2300. STEFANELL v. THE STATE.
(587 SE2d 868)

BLACKBURN, Presiding Judge.

Following a jury trial, Pepito Stefanell appeals his conviction for driving under the influence[1] and failure to maintain lane,[2] contending that the trial court erred by refusing his written request to charge the jury on the affirmative defense of accident. For the reasons set forth below, we affirm.

Viewed in the light most favorable to the verdict, the record shows that, during the early morning hours of February 3, 2002, Stefanell swerved off the road and crashed into a backhoe which was being used for road construction and improvement. Officer Richard

---

Roach, who had been driving behind Stefanell, then stopped to investigate, and as he approached, he observed that Stefanell smelled strongly of an alcoholic beverage. In addition, Stefanell's eyes were glassy and bloodshot, his speech was slurred, and his sense of balance was impaired. When asked, Stefanell was unable to recite the alphabet, and he failed several field sobriety tests. Upon questioning, Stefanell admitted that he had been drinking. Certainly, this evidence was sufficient to support Stefanell's conviction. See *Jackson v. Virginia*.[3]

Nevertheless, Stefanell contends that, because there was some contested evidence at trial that his brakes might have malfunctioned, he must be granted a new trial because the trial court rejected his written request to charge the jury regarding the affirmative defense of accident.[4] This contention is patently untenable.

OCGA § 16-2-2 provides: "A person shall not be found guilty of any crime committed by misfortune or accident where it satisfactorily appears [that] there was no criminal scheme or undertaking, intention, or criminal negligence."

As an initial matter, the law of accident is inapplicable here because Stefanell was charged with driving under the influence of alcohol and failure to maintain lane, not failing to stop before hitting the backhoe. Thus, "[a]lthough [Stefanell] had been in an accident, the charges against [him] related not to the accident but to his condition while driving." *Morrissette v. State*.[5] Accordingly, the trial court did not err by rejecting Stefanell's request to charge.

Moreover, "[t]he defense of accident is an affirmative defense. An affirmative defense is a defense that admits the doing of the act charged but seeks to justify, excuse, or mitigate it. Accordingly, if a defendant does not admit to committing any act which constitutes the offense charged, he is not entitled to a charge on the defense of accident." (Citations, punctuation and footnotes omitted.) *Savage v. State*.[6] Stefanell has not admitted to driving under the influence or failure to maintain lane, and, as a result, he has no right to a charge of accident with regard to these crimes.

And, finally, we have reviewed Stefanell's written request to charge on the law of accident, and we find that it was not an accurate statement of the law. "As we have held previously, a request to charge itself must be correct, legal, apt, even perfect, and precisely adjusted to some principle involved in the case. If any portion of the request is

---

[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[4] OCGA § 16-2-2.
[5] *Morrissette v. State*, 229 Ga. App. 420, 425 (3) (b) (494 SE2d 8) (1997).
[6] *Savage v. State*, 252 Ga. App. 251, 254 (2) (556 SE2d 176) (2001).

inapt or incorrect, denial of the request is proper." (Punctuation and emphasis omitted.) *Green v. State.*[7]

*Judgment affirmed. Ellington and Phipps, JJ., concur.*

DECIDED SEPTEMBER 25, 2003.

*Kevin J. Jones,* for appellant.

*Joseph J. Drolet, Solicitor-General, Michael Y. Doko, Assistant Solicitor-General,* for appellee.

---

[7] *Green v. State,* 240 Ga. App. 774, 778 (3) (525 SE2d 154) (1999).