## A06A2374. RUTLAND v. THE STATE.
(639 SE2d 628)

PHIPPS, Judge.

Geraldine Rutland was charged with driving with an unlawful blood alcohol concentration, driving under the influence of alcohol to the extent that it was less safe for her to drive, reckless driving, failure to maintain lane, and operating a vehicle without proof of insurance. After the trial court granted her motion to suppress the results of a state-administered blood alcohol test, the per se DUI charge was dismissed. At a jury trial, she was found guilty of the less-safe DUI charge and reckless driving and found not guilty of the no insurance charge and failure to maintain lane. Following the denial of her motion for new trial, she appeals her convictions. She challenges the sufficiency of the evidence and charges the trial court with error in refusing to give her request to instruct the jury on the defense of accident. Finding merit in neither claim of error, we affirm.

The state's evidence showed that on the evening of July 31, 2003, Rutland and her husband had eaten at a Mexican restaurant where they had consumed alcoholic beverages. At about 8:00 p.m., they left the restaurant in a large SUV driven by Rutland. A motorist in front of Rutland testified that Rutland was driving so erratically that he became afraid that she was going to hit him and pulled his car to the side of the road to let her pass. More specifically, this witness testified that Rutland was driving so close to him that, when looking in his

---

[10] Supra.

rearview mirror, he could see nothing but the SUV's headlights; he explained that he pulled his car over to let her pass, because she was "driving kind of crazy." At about that time, Rutland's SUV crossed over two lanes of traffic, struck the curb, spun back into the northbound lanes of the highway, and hit a car transporting a family. The father, Michael Schiele, testified that he saw the SUV coming toward him spinning around like a baseball bat and that the only thing he could do in an unsuccessful attempt to avoid the collision was to move his car over a little to the right. The father and his two sons, who were sitting in the rear of the car, were seriously injured and had to be hospitalized.

After the collision, Rutland exited her vehicle and began yelling obscenities. Bystanders became so upset with her that one of them, a security guard with experience in dealing with inebriated people, grabbed her and escorted her back to her vehicle. The security guard concluded that Rutland was extremely intoxicated based on her speech (described by another bystander as "blurry"), behavior (she was staggering), and a strong odor of alcoholic beverage emanating from her.

Rutland's husband testified that Rutland had only drunk one beer that evening and that the SUV had spun out of control because it had begun to hydroplane without warning. Other evidence, however, authorized the jury to find that neither the conditions on the roadway at the time in question nor the condition of the tires on the SUV were such that the vehicle would have begun hydroplaning.

1. The trial court did not err in refusing to give Rutland's request to instruct the jury on the defense of accident.

"OCGA § 16-2-2 provides: '(a) person shall not be found guilty of any crime committed by misfortune or accident where it satisfactorily appears (that) there was no criminal scheme or undertaking, intention, or criminal negligence.' "[1] It is firmly established that a defendant charged with DUI is not entitled to a jury instruction on accident or misfortune based on the claim that a traffic mishap that occurred while he was operating the motor vehicle was unavoidable, because a DUI charge relates not to the accident but to the defendant's condition while driving.[2] For the same reasons, the defense of accident has been held inapplicable to a charge of reckless driving.[3] In part, this is because

[1] *Savage v. State*, 252 Ga. App. 251, 254 (2) (556 SE2d 176) (2001).

[2] *Stefanell v. State*, 263 Ga. App. 412, 413 (587 SE2d 868) (2003); compare *Moore v. State*, 258 Ga. App. 293, 294 (1) (574 SE2d 372) (2002) (jury instruction on accident or misfortune approved in vehicular homicide/DUI cases, if there is evidence that defendant could not have avoided collision due to circumstances beyond his control).

[3] *Winston v. State*, 270 Ga. App. 664, 670 (5) (607 SE2d 147) (2004).

[t]he defense of accident is an affirmative defense. An affirmative defense is a defense that admits the doing of the act charged but seeks to justify, excuse, or mitigate it. Accordingly, if a defendant does not admit to committing any act which constitutes the offense charged, he is not entitled to a charge on the defense of accident.[4]

Rutland did not admit to driving recklessly or under the influence of alcohol to the extent that it was less safe for her to drive. Therefore, she had no right to a jury instruction on accident with regard to those crimes.[5]

2. The evidence was more than sufficient to support Rutland's convictions.

Even in the absence of forensic evidence as to Rutland's blood alcohol concentration, the testimony of the witnesses as to her erratic driving (including following too closely to the vehicle in front of her), her slurred speech, her staggering gait, and her flight of irrational belligerence, combined with the detection of a strong odor of an alcoholic beverage about her, was certainly sufficient to authorize any rational trier of fact to conclude beyond a reasonable doubt that she had operated a motor vehicle while under the influence of alcohol to the extent that it was less safe for her to drive and that she had driven recklessly.[6]

*Judgment affirmed. Ruffin, C. J., and Smith, P. J., concur.*

DECIDED DECEMBER 5, 2006.

*Thomas R. Mondelli*, for appellant.
*Carmen D. Smith, Solicitor-General, R. Leon Benham, Assistant Solicitor-General*, for appellee.

---

[4] *Savage*, supra (citations and punctuation omitted); see *Winston*, supra.

[5] Id.

[6] See *Cronan v. State*, 236 Ga. App. 374, 377 (3) (511 SE2d 899) (1999) (defendant convicted of reckless driving under an indictment charging him with following too closely, among other things); *Heath v. State*, 229 Ga. App. 69, 70 (493 SE2d 225) (1997) (evidence as to manner of driving may be taken into account for purpose of determining whether defendant was affected by intoxicant to the extent that he drove less safely than he might otherwise have done); *New v. State*, 171 Ga. App. 392 (5) (319 SE2d 542) (1984) (witness who satisfactorily shows that he had opportunity to observe, and did observe, condition of another may testify whether that person was under the influence of intoxicants and the extent thereof, stating facts upon which opinion is based); compare *Allen v. State*, 257 Ga. App. 246, 247 (1) (570 SE2d 683) (2002) and cit. (where evidence showed that defendants had been drinking but not their manner of driving or any unusual or erratic conduct or appearance after driving).